```
_____ FILED      X LODGED
_____ RECEIVED  _____ COPY

        SEP 1 2 2011

  CLERK U S DISTRICT COURT
    DISTRICT OF ARIZONA
BY_____ DEPUTY
```

DENNIS K. BURKE
United States Attorney
District of Arizona

ROBERT K. LU
Assistant U.S. Attorney
Two Renaissance Square
40 N. Central Avenue, Suite 1200
Phoenix, Arizona 85004-4408
Telephone (602) 514-7500
robert.lu@usdoj.gov

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>       Plaintiff,<br><br>    v.<br><br>Christopher Patrick Mathwig,<br><br>       Defendant. | CR 11-1771 PHX NVW<br><br>**PLEA AGREEMENT** |

Plaintiff, United States of America, and the defendant, CHRISTOPHER PATRICK MATHWIG, hereby agree to dispose of this matter on the following terms and conditions:

**1.    PLEA**

The defendant will plead guilty to an Information charging the defendant with a violation of Title 18, United States Code § 924(a)(1)(A), False Statements in Acquisition of Firearm, a Class C felony offense. Defendant will also consent to forfeiture allegations pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461.

**2.    MAXIMUM PENALTIES**

a.    A violation of Title 18, United States Code § 924(a)(1)(A), is punishable by a maximum fine of $250,000, a maximum term of imprisonment of 10 years, and/or both, and a term of supervised release of up to three years.

b.    According to the Sentencing Guidelines issued pursuant to the Sentencing Reform Act of 1984, the Court shall order the defendant to:

(1)    make restitution to any victim of the offense pursuant to 18 U.S.C. § 3663 and/or 3663A, unless the Court determines that restitution would not be appropriate;

(2)      pay a fine pursuant to 18 U.S.C. § 3572, unless the Court finds that a fine is not appropriate;

(3)      serve a term of supervised release when required by statute or when a sentence of imprisonment of more than one year is imposed (with the understanding that the Court may impose a term of supervised release in all other cases); and

(4)      pay upon conviction a $100 special assessment for each count to which the defendant pleads guilty pursuant to 18 U.S.C. § 3013(a)(2)(A).

c.      The Court is required to consider the Sentencing Guidelines in determining the defendant's sentence.  However, the Sentencing Guidelines are advisory, and the Court is free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crime(s) of conviction, unless there are stipulations to the contrary that the Court accepts.

## 3.      AGREEMENTS REGARDING SENTENCING

a.      Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will recommend that the defendant be sentenced at the low end of the determined guideline range.

b.      Both parties are free to argue for and request any sentencing enhancements that they believe to be applicable.

c.      Acceptance of Responsibility.  If the defendant makes full and complete disclosure to the U.S. Probation Office of the circumstances surrounding the defendant's commission of the offense, and if the defendant demonstrates an acceptance of responsibility for this offense up to and including the time of sentencing, the United States will recommend a two-level reduction in the applicable Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(a). If the defendant has an offense level of 16 or more, the United States will recommend an additional one-level reduction in the applicable Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(b).

## 4.      COURT APPROVAL REQUIRED; REINSTITUTION OF PROSECUTION

If the Court, after reviewing this plea agreement, concludes that any provision contained herein is inappropriate, it may reject the plea agreement and give the defendant the opportunity

1   to withdraw the guilty plea in accordance with Fed. R. Crim. P. 11(c)(5).

2        If the defendant's guilty plea or plea agreement is rejected, withdrawn, vacated, or

3   reversed at any time, this agreement shall be null and void, the United States shall be free to

4   prosecute the defendant for all crimes of which it then has knowledge and any charges that have

5   been dismissed because of this plea agreement shall automatically be reinstated. In such event,

6   the defendant waives any and all objections, motions, and defenses based upon the Statute of

7   Limitations, the Speedy Trial Act, or constitutional restrictions in bringing later charges or

8   proceedings. The defendant understands that any statements made at the time of the defendant's

9   change of plea or sentencing may be used against the defendant in any subsequent hearing, trial,

10  or proceeding subject to the limitations of Fed. R. Evid. 410.

11  **5.     WAIVER OF DEFENSES AND APPEAL RIGHTS**

12       Providing the defendant's sentence is consistent with this agreement, the defendant

13  waives (1) any and all motions, defenses, probable cause determinations, and objections that the

14  defendant could assert to the indictment or information; and (2) any right to file an appeal, any

15  collateral attack, and any other writ or motion that challenges the conviction, an order of

16  restitution or forfeiture, the entry of judgment against the defendant, or any aspect of the

17  defendant's sentence, including but not limited to any appeals under 18 U.S.C. § 3742 and

18  motions under 28 U.S.C. §§ 2241 and 2255. The defendant acknowledges that if the Court has

19  sentenced the defendant according to the terms of this agreement, this waiver shall result in the

20  dismissal of any appeal, collateral attack, or other motion the defendant might file challenging

21  the conviction, order of restitution or forfeiture, or sentence in this case.

22  **6.     DISCLOSURE OF INFORMATION**

23       a.     The United States retains the unrestricted right to provide information and make

24  any and all statements it deems appropriate to the U.S. Probation Office and to the Court in

25  connection with the case.

26       b.     Any information, statements, documents, and evidence that the defendant provides

27  to the United States pursuant to this agreement may be used against the defendant at any time.

28       c.     The defendant shall cooperate fully with the U.S. Probation Office.   Such

cooperation shall include providing complete and truthful responses to questions posed by the U.S. Probation Office including, but not limited to, questions relating to:

(1)     criminal convictions, history of drug abuse, and mental illness; and financial information, including present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution.

**8.      FORFEITURE, CIVIL, AND ADMINISTRATIVE PROCEEDINGS**

a.      Defendant declares that he is the sole owner of the firearms described below (the "Firearms"):

| **Manufacturer** | **Model** | **Caliber** | **Type** | **Serial Number** |
|---|---|---|---|---|
| 1.  Glock | 17 | 9mm | Pistol | CUL274US |
| 2.  Cavalry Arms Corporation | CAV-15 | .223 | Rifle | C-1035 |
| 3.  Ruger | SP101 | 38 | Pistol | 570-34493 |
| 4.  Colt | 1911 | .45 | Pistol | SG05599E |
| 5.  Glock | 34 | 9mm | Pistol | HKM829 |
| 6.  Mossberg | 500A | 12 gauge | Shotgun | R705977 |
| 7.  Smith&Wesson | Model 10 | .38 | Revolver | 60235 |
| 8.  Henry Repeating Arms | Golden Boy | .22 | Rifle | GB126578 |
| 9.  Smith&Wesson | M617 | .22 | Pistol | CJS5725 |
| 10. Glock | 19 | 9mm | Pistol | HYK716 |
| 11. Remington Arms | 700 LTR | .308 | Rifle | G6578461 |
| 12. Ameetec Arms | WM-15 | .223 | Rifle | AM000891 |
| 13. Springfield Armory | 1911A1 | .45 | Pistol | NM200874 |
| 14. Glock | 19 | 9mm | Pistol | HRL747 |
| 15. Ruger | Mini-14 | .223 | Rifle | 580-08991 |
| 16. Mossberg | 590 | 12 gauge | Shotgun | R636941 |
| 17. Ruger | Model 10/22 | .22 | Rifle | 11343774 |
| 18. Smith&Wesson | M625 | .45 | Revolver | CJD9770 |

4

| Manufacturer | Model | Caliber | Type | Serial Number |
|---|---|---|---|---|
| 19. Cavalry Arms Corporation | CAV-15 | .223 | Rifle | SUR0075 |
| 20. Cavalry Arms Corporation | CAV-15 | .223 | Rifle | SEBR-242 |
| 21. Colt | Single Action | .45 | Revolver | S44526A |
| 22. Henry Repeating Arms | Golden Boy | .44 | Rifle | BB07126C |
| 23. Colt | Single Action | .45 | Revolver | S44524A |
| 24. Henry Repeating Arms | Golden Boy | .44 | Rifle | BB19160 |
| 25. Mossberg | 590 | 12 gauge | Shotgun | R818193 |
| 26. Ruger | Model 10/22 | .22 | Rifle | 350-12519 |
| 27. Ruger | Model 10/22 | .22 | Rifle | 350-13880 |
| 28. Glock | 19 | 9mm | Pistol | KVP409 |
| 29. Glock | 19 | 9mm | Pistol | KVP410 |
| 30. Glock | 19 | 9mm | Pistol | KVP411 |
| 31. Glock | 19 | 9mm | Pistol | KVP414 |
| 32. Glock | 19 | 9mm | Pistol | KVP418 |
| 33. Walther | PPK | .380 | Pistol | 1852BAH |
| 34. Century Arms International | WASR-10 | 7.62x39mm | Rifle | GT-2612-76 |
| 35. Century Arms International | WASR-2 | 5.45x39mm | Rifle | 218695-06 |
| 36. Henry Repeating Arms | Big Boy | .357 | Rifle | BB02713M |
| 37. Cavalry Arms Corporation | CAV-15A | 5.56mm | Rifle | CA000011 |
| 38. Cavalry Arms Corporation | CAV-15A | 5.56mm | Rifle | CA000012 |
| 39. Cavalry Arms Corporation | CAV-15A | 5.56mm | Rifle | CA000051 |
| 40. ArmaLite | AR-10T | .308 | Rifle | US235129 |

5

b.      Defendant agrees and states that the Firearms described herein in subparagraph (a), above, are subject to seizure, forfeiture and/or abandonment by the United States, and that no defense exists to the seizure and forfeiture of that property by the United States.

c.      Defendant abandons and renounces all right, title, and interest in the Firearms described here in subparagraph (a), above, withdraws any and all claims to that property, and consents to the administrative forfeiture or judicial (civil or criminal) forfeiture and/or abandonment of the firearms/ammunition by the United States. Defendant understands that the appropriate law enforcement agency will dispose of the property in accordance with law, including by destruction.  The defendant hereby agrees to withdraw any claim made in any civil, administrative or judicial forfeiture brought against the firearms and ammunition and waives any statute of limitations or time limits, statutory or otherwise, applicable to the commencement of an administrative forfeiture action.

d.      Defendant agrees to hold harmless and waive any claim for damages or cause of action of any nature whatsoever against the United States, including the Bureau of Alcohol, Tobacco, Firearms, and Explosives, and any other Federal, state, or local government or agency, as well as any agents and employees thereof based on the seizure, storage, or forfeiture of the property described herein.

e.      The defendant hereby waives the requirements of Fed. R. Crim. P. 32(d)(2) and 43(a) with respect to the imposition of any forfeiture sanction carried out in accordance with this Plea Agreement, and further agrees not to contest or challenge in any manner (including direct appeal, habeas corpus, or any other means) such forfeitures on any grounds, including that the forfeiture constitutes an excessive fine or punishment.

f.      Nothing in this agreement shall be construed to protect the defendant from administrative or civil forfeiture proceedings or prohibit the United States from proceeding with and/or initiating an action for civil forfeiture. Pursuant to 18 U.S.C. § 3613, all monetary penalties, including restitution imposed by the Court, shall be due immediately upon judgment and subject to immediate enforcement by the United States. If the Court imposes a schedule of

payments, the schedule of payments shall be merely a schedule of minimum payments and shall

not be a limitation on the methods available to the United States to enforce the judgment.

9.      **ELEMENTS**

**False Statements in Acquisition of Firearms**
**18 U.S.C. § 924(a)(1)(A)**

The defendant has been advised of the following elements for the offense of False

Statements in Acquisition of Firearms and that in order for him to be found guilty of the charge

at trial, the government would have to prove each of the following elements beyond a reasonable

doubt.

Between on or about 2005 and 2007, in the District of Arizona:

1.      The firearms seller, Cavalry Arms Corporation, a.k.a. Calvary Arms Corporation,

located in Gilbert, Arizona, is a federally licensed firearms dealer;

2.      In connection with the purchase of firearms from the licensed firearms dealer,

Defendant knowingly made a false statement or representation;

3.      Defendant knew the statement or representation was false; and

4.      The statement or representation was made with respect to information required to

be kept in the records of the licensed firearms dealer.

**FACTUAL BASIS**

The defendant admits that the following facts are true and that if this matter were to

proceed to trial the United States could prove the following facts beyond a reasonable doubt:

> Between on or about 2005 and 2007, at Cavalry Arms
> Corporation, a.k.a. Calvary Arms Corporation, located at 723 West
> Commerce Avenue, Gilbert, Arizona, a federally licensed firearms
> dealer under the provisions of Chapter 44 of Title 18, United States
> Code as a firearms dealer within the District of Arizona, I, in
> connection with the purchase of the Firearms listed in subparagraph
> (a) of Section 2, above, knowingly made a false statement with
> respect to the information required by the provisions of Chapter 44
> of Title 18, United States Code, to be kept in records of this licensed
> firearms dealer, in that I falsely represented that I resided at 2121 S.
> Pennington Dr., Mesa, Arizona, when in truth and in fact, as I well
> knew, I did not reside at that address. I committed this
> misrepresentation by executing the Department of Justice, Bureau

of Alcohol, Tobacco, Firearms, and Explosives Form 4473, Firearms Transaction Record.

The defendant shall swear under oath to the accuracy of this statement and, if the defendant should be called upon to testify about this matter in the future, any intentional material inconsistencies in the defendant's testimony may subject the defendant to additional penalties for perjury or false swearing, which may be enforced by the United States under this agreement.

## APPROVAL AND ACCEPTANCE OF THE DEFENDANT

I have read the entire plea agreement with the assistance of my attorney. I understand each of its provisions and I voluntarily agree to it.

I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I shall waive my rights to plead not guilty, to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to present evidence in my defense, to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination, all with the assistance of counsel, and to be presumed innocent until proven guilty beyond a reasonable doubt.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charges to which I am entering my guilty plea. I have further been advised by my attorney of the nature and range of the possible sentence and that my ultimate sentence shall be determined by the Court after consideration of the advisory Sentencing Guidelines.

My guilty plea is not the result of force, threats, assurances, or promises, other than the promises contained in this agreement. I voluntarily agree to the provisions of this agreement and I agree to be bound according to its provisions.

I understand that if I am granted probation or placed on supervised release by the Court, the terms and conditions of such probation/supervised release are subject to modification at any time. I further understand that if I violate any of the conditions of my probation/supervised release, my probation/supervised release may be revoked and upon such revocation,

8

1  notwithstanding any other provision of this agreement, I may be required to serve a term of

2  imprisonment or my sentence otherwise may be altered.

3      This written plea agreement, and any written addenda filed as attachments to this plea

4  agreement, contain all the terms and conditions of the plea.  Any additional agreements, if any

5  such agreements exist, shall be recorded in a separate document and may be filed with the Court

6  under seal; accordingly, additional agreements, if any, may not be in the public record.

7      I further agree that promises, including any predictions as to the Sentencing Guideline

8  range or to any Sentencing Guideline factors that will apply, made by anyone (including my

9  attorney) that are not contained within this written plea agreement, are null and void and have no

10 force and effect.

11     I am satisfied that my defense attorney has represented me in a competent manner.

12     I fully understand the terms and conditions of this plea agreement.  I am not now using

13 or under the influence of any drug, medication, liquor, or other intoxicant or depressant that

14 would impair my ability to fully understand the terms and conditions of this plea agreement.

15

16  ___09-12-11___                    _____
    Date                               CHRISTOPHER PATRICK MATHWIG
17                                     Defendant

18              **APPROVAL OF DEFENSE COUNSEL**

19     I have discussed this case and the plea agreement with my client in detail and have

20 advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the

21 constitutional and other rights of an accused, the factual basis for and the nature of the

22 offense to which the guilty plea will be entered, possible defenses, and the consequences of

23 the guilty plea including the maximum statutory sentence possible.  I have further discussed

24 the concept of the advisory Sentencing Guidelines with the defendant.  No assurances,

25 promises, or representations have been given to me or to the defendant by the United States

26 or any of its representatives that are not contained in this written agreement.  I concur in the

27 entry of the plea as indicated above and that the terms and conditions set forth in this

28

                                     9

agreement are in the best interests of my client. I agree to make a bona fide effort to ensure

that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

9/12/11
_____
Date

*Bill Elliot*
_____
William A. Elliot
Attorney for Defendant

## APPROVAL OF THE UNITED STATES

I have reviewed this matter and the plea agreement. I agree on behalf of the United

States that the terms and conditions set forth herein are appropriate and are in the best

interests of justice.

DENNIS K. BURKE
United States Attorney
District of Arizona

9/12/11
_____
Date

_____
ROBERT K. LU
Assistant U.S. Attorney

## ACCEPTANCE BY THE COURT

_____
Date

_____
United States District Judge

10